238

CITY OF MAUMEE, APPELLEE, *v.* GEIGER ET AL., APPELLANTS.

[Cite as Maumee v. Geiger (1976), 45 Ohio St. 2d 238.]

(No. 75-519—Decided March 10, 1976.)

*Mr. William S. McCready*, city prosecutor, for appel-
lee.

*Mr. Arthur F. James*, for appellants.

*Per Curiam.* The question presented is whether a per-
ison may properly be tried and convicted for receiving

stolen property after he admits the actual theft of that same property.

Section 134.17 of the Maumee Municipal Code and R. C. 2913.51 use the same language to identify the crime of receiving stolen property: "No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe it has been obtained through commission of a theft offense. * * *"

Appellants admit their roles as thieves in this cause, and rely upon the following cases for their proposition that they are not amenable to prosecution as receivers of stolen property.

In his dissenting opinion in *Milanovich* v. *United States* (1961), 365 U. S. 551, 558, Justice Frankfurter stated:

"It is hornbook law that a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods he has stolen. E. g., *Cartwright* v. *United States*, 146 F. 2d 133; *State* v. *Tindall*, 213 S. C. 484, 50 S. E. 2d 188; see 2 Wharton, Criminal Law and Procedure, Section 576; 136 A. L. R. 1087. And this is so for the common-sensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken. In short, taking and receiving, as a contemporaneous—indeed a coincidental—phenomenon, constitute one transaction in life and, therefore, not two transactions in law. * * *"

The cited annotation, *supra*, entitled "May participant in larceny or theft be convicted of offenses of receiving or concealing the stolen property," reads, at page 1088, in part:

"It is an elementary principle of law that the principal in a theft, or the person who actually steals the property, cannot be convicted of the crime of receiving, concealing, or aiding in the concealment of the property stolen."

That proposition entered Ohio law in *Smith* v. *State* (1898), 59 Ohio St. 350, with a defense contention, at page 351: "* * * that one and the same person cannot be guilty of both the larceny and the buying, receiving and concealing

the same goods or property." The court stated, at page 361:

"The crime of larceny is defined, and its punishment prescribed, by Section 6856, of the Revised Statutes. And, by Section 6858, the buying, receiving and concealing of stolen property, *is made a distinctive and substantive offense, separate from that of the larceny of the property,* though it is punished in the same way. The offense at common law was limited to the buying or receiving of stolen property; and *the thief could not be convicted of that offense,* because he could neither be the buyer or receiver of the property from himself, and therefore did not come within the description. The change made by our statute consists in the addition of concealment of stolen property, with guilty knowledge, to the criminal acts of buying and receiving it. *But the thief cannot be convicted of that offense,* because there is present in the larceny a concealment of the property stolen, with intent to deprive the owner of it, which, whether of long or short duration constitutes a part of that crime, and not the separate substantive one under Section 6858; and this is so, though he was assisted by another in the commission of the larceny. The *purpose* of that section was to provide for cases not included in the one against larceny, and to punish those who, when a larceny has been committed, receives or conceals the fruits of that crime; and to include the thief within that class would subject him to punishment twice or more for a single criminal transaction." (Emphasis added.)

*State v. Botta* (1971), 27 Ohio St. 2d 196, 199, recognized "* * * the general rule that a thief may not be guilty of the separate offense of receiving or concealing the same property which he has stolen * * *."

After considering the foregoing cases in its appraisal of appellants' theory that the thief cannot be the receiver, the Court of Appeals stated:

"Basically, all the cases cited with regard to the issue of whether or not a thief can be convicted of receiving, retaining, or disposing of property concerned the propriety

of *cumulative sentences* for separately charged offenses arising out of the same act. * * *

"* * * *

"In the case *sub judice*, the defendants were charged with only one offense (receiving, retaining or disposing) even though they had admitted to the theft. We conclude that the defendants have no ground to complain that they have been charged with only one offense." (Emphasis *sic*.)

We affirm the judgment of the Court of Appeals, but not solely on the ground that appellants should not complain because they were charged and convicted "with only one offense."

R. C. 2941.25(A), effective prior to the commencement of this prosecution, reads:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

A portion of the committee comment to that section applies exactly to the case at bar, as follows:

"The basic thrust of the section is to prevent 'shotgun' convictions. For example, a thief theoretically is guilty not only of theft but of receiving stolen goods, insofar as he receives, retains, or disposes of the property he steals. Under this section, he may be charged with both offenses but he may be convicted of only one, and the prosecution sooner or later must elect as to which offense it wishes to pursue."

By the enactment of this section, the General Assembly resolved the problems of common law procedure and practice in a practical and realistic fashion, and in conformity with this court's decision in *State* v. *Botta, supra* (27 Ohio St. 2d 196).

For example, as this court noted in *Botta*, receiving is not technically a lesser included offense of theft, because the elements of the two offenses are different. Yet the

courts have always recognized that to treat these two offenses as separate would result in double punishment for every thief. For that reason, at common law, it was an essential element of the offense of receiving that the goods had been stolen by someone other than the accused. 76 Corpus Juris Secundum, pages 2 and 3, Receiving Stolen Goods, Sections 1 and 2. Ohio has no common law crimes (R. C. 2901.03[A]), but the same danger of double punishment existed under the statutory section with regard to receiving, as this court reasoned in *Smith* v. *State, supra* (59 Ohio St. 350, at page 361), concerning the *purpose* of a separate receiving statute.

These issues were examined by this court at some length in *Botta,* where the court held that a principal offender might be tried and found guilty of both stealing and receiving the same automobile at a single trial, but might only be sentenced for one of those offenses. The court recognized that the same facts would be sufficient to prove both theft and receiving, and that receiving is in practical effect an "included" offense of theft:

"So far as the facts are concerned in this type of case, the property has been received in the sense of 'taking into one's hand or one's possession' (a common meaning of the word); the property is being concealed; and the property obviously is known to have been stolen (the defendant himself having stolen it). Were it not for the existence of the separate crime of larceny, there could be no question as to the right of the jury to conclude guilt as to receiving or concealing stolen property under such circumstances. With or without the existence of the separate crime of larceny, the fact-finding processes of a jury, as to whether there has been proof beyond a reasonable doubt of the requisite facts encompassed in the crime of receiving or concealing stolen property, would be exactly the same.

"Thus, the concept that the principal offender cannot be found guilty of both larceny and receiving or concealing stolen property is not based upon the premise that there is a failure of proof of those facts which otherwise

would constitute guilt of receiving or concealing, but instead is based upon a judicial doctrine sometimes referred to as 'merger'; the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.

"In essence, this is the same basic philosophy employed in the 'included offense' concept, but under that concept the jury is instructed not to consider the 'included offense' unless it first has determined that the evidence fails to prove the major crime" (footnote omitted).

Under *Botta*, one who confesses larceny, being charged with both theft and receiving, automatically admits his guilt of the factually included offense of receiving. However, under appellants' theory, one accused only of receiving, who admits his guilt of theft, by those same words somehow automatically proclaims his innocence of receiving. This court is unconvinced that such anomalous results are either desirable or necessary.

This case does not involve common law distinctions or constitutional principles, but statutory construction and intent. Accordingly, the intent of the General Assembly controls in this case, and that intent is plainly expressed in R. C. 2941.25, *supra*, and the accompanying committee comment. Although receiving is technically not an included offense of theft, it is, under R. C. 2941.25, an "allied offense of similar import." An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.