[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 250.]

THE STATE OF OHIO, APPELLEE, *v*. BIROS, APPELLANT.

[Cite as *State v. Biros*, 2001-Ohio-1339.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Application denied when claimant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required under App.R. 26(B)(5)—Court of appeals' denial of application to reopen appeal affirmed.*

(No. 01-317—Submitted July 17, 2001—Decided September 26, 2001.)

APPEAL from the Court of Appeals for Trumbull County, No. 91-T-4632.

_____

*Per Curiam.*

{¶ 1} Appellant, Kenneth L. Biros, was convicted of the aggravated murder of Tami Engstrom and sentenced to death. He was also convicted and sentenced to prison for felonious sexual penetration, aggravated robbery, and attempted rape. The court of appeals upheld the death sentence but set aside the findings of guilt of aggravated robbery as it related to the felony-murder charge and the death specification charging murder during an aggravated robbery. *State v. Biros* (Dec. 29, 1995), Trumbull App. No. 91-T-4632, unreported. On direct appeal as of right, we reinstated the findings of guilt as to aggravated robbery, affirmed the remaining convictions, and affirmed the death penalty. *State v. Biros* (1997), 78 Ohio St.3d 426, 678 N.E.2d 891, certiorari denied, *Biros v. Ohio* (1997), 522 U.S. 1002, 118 S.Ct. 574, 139 L.Ed.2d 413.

{¶ 2} Subsequently, the trial court denied Biros's petition for postconviction relief, and the court of appeals affirmed. *State v. Biros* (May 28, 1999), Trumbull App. No. 98-T-0051, unreported, 1999 WL 391090. We declined

to accept Biros's appeal. *State v. Biros* (1999), 87 Ohio St.3d 1406, 716 N.E.2d 1168.

{¶ 3} On September 15, 2000, Biros filed an application with the Trumbull County Court of Appeals to reopen his appeal from his conviction pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. However, the court of appeals found that Biros had failed to show good cause for filing his application more than ninety days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Biros* (Dec. 27, 2000), Trumbull App. No. 91-T-4632, unreported. Hence, that court denied Biros's application to reopen his appeal. The cause is now before this court upon an appeal as of right.

{¶ 4} In his first proposition of law, Biros argues that he had good cause for the late filing of his application for reconsideration under App.R. 26(B) and relies, in part, upon *Paris v. Turner* (C.A.6, 1999), 187 F.3d 637, decision reported without opinion; opinion at 1999 WL 357815, to support his claim of good cause. However, our disposition of Biros's remaining propositions, on the merits, negates any need to decide that issue.

{¶ 5} In his second and third propositions of law, Biros asserts that his counsel have established a genuine issue as to whether he was denied the effective assistance of counsel in his initial appeal to the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Biros has raised a genuine issue as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458. "To show ineffective assistance, [Biros] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard*

(2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, 771, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Biros "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697.

**{¶ 6}** We have reviewed Biros's assertions of deficient performance by appellate counsel and find that Biros has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5). Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Dennis Watkins*, Trumbull County Prosecuting Attorney, and *LuWayne Annos*, Assistant Prosecuting Attorney, for appellee.

*David Bodiker*, State Public Defender, and *Angie Greene*, Assistant Public Defender, for appellant.

———————————