The STATE of Ohio, Appellee,

v.

STEVENSON, Appellant.

[Cite as State v. Stevenson, 181 Ohio App.3d 292, 2009-Ohio-901.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 07CA51.

Decided Feb. 27, 2009.

---

59. See State v. King, supra, at ¶ 33.

60. See State v. Swank, supra, at ¶ 105.

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellee.

Christopher B. Epley, for appellant.

GRADY, Judge.

{¶ 1} This case is before us a second time. On June 13, 2008, in a prior direct appeal, we affirmed defendant's convictions for complicity to commit robbery, R.C. 2911.02(A)(2) and 2923.03(A)(2), and receiving stolen property, R.C. 2913.51(A). *State v. Stevenson*, Greene App. No. 2007–CA–51, 2008-Ohio-2900, 2008 WL 2404078. Subsequently, on October 14, 2008, we granted defendant's App.R. 26(B) application to reopen his appeal on a claim that his appellate counsel was ineffective for failing to argue that robbery and receiving stolen property are allied offenses of similar import pursuant to R.C. 2941.25. That issue now has been briefed and is before us for determination.

ASSIGNMENT OF ERROR

{¶ 2} "The trial court erred when it sentenced Joseph Stevenson for both receiving stolen property and complicity to commit robbery because the offenses are allied offenses of similar import."

{¶ 3} We granted defendant's application on a finding that there is a genuine issue as to whether he had a colorable claim of ineffective assistance of appellate counsel. *State v. Spivey* (1998), 84 Ohio St.3d 24, 701 N.E.2d 696. In order to prove that claim, defendant must show that his counsel was deficient for failing to raise an issue defendant now presents, and that there was a reasonable probability of success had counsel presented a claim based on that issue on appeal. *State v. Biros* (2001), 93 Ohio St.3d 250, 754 N.E.2d 805.

{¶ 4} The standards regarding trial counsel imposed in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, likewise apply to claims of ineffective assistance of appellate counsel. *Biros*. Defendant must therefore show that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice resulted. *Strickland*. To show prejudice, the appellant must affirmatively demonstrate, to a reasonable probability, that were it not for counsel's errors, the result of the appeal would have been different. *Biros*; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 5} We have held that failure to merge allied offenses of similar import is plain error, requiring reversal, even when concurrent sentences are imposed. *State v. Winn,* 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, at ¶ 26; *State v. Coffey,* Miami App. No. 2006 CA 6, 2007-Ohio-21, 2007 WL 29424. Plain errors are those that are of such a nature as to deprive the defendant of a fair trial and cause a miscarriage of justice. *State v. Williams* (1997), 79 Ohio St.3d 1, 679 N.E.2d 646. The "reasonable probability" standard of *Strickland* implies a lesser burden. *State v. Ruby,* 149 Ohio App.3d 541, 2002-Ohio-5381, 778 N.E.2d 101, at ¶ 58, 59. Therefore, failure to argue an allied-offenses-of-similar-import claim when it would lie, at trial or on appeal, constitutes ineffective assistance of counsel.

{¶ 6} The facts set out in our opinion in the prior appeal show that on March 26, 2006, defendant Stevenson and another man, Wayne Bailey, went to an apartment occupied by Leonard and Anthony Hill, two brothers, to purchase a rifle that Stevenson had offered to buy. When it was determined that Stevenson could not pay the purchase price, he and Bailey left the apartment. Soon after, Bailey knocked on the door and Leonard Hill allowed him to come inside to look for "weed" Bailey said he had left there. Bailey instead produced a handgun and ordered the Hill brothers to sit on the couch. Defendant Stevenson then entered the apartment, took the rifle, and left. When Bailey struck Leonard Hill on the head with his gun, Anthony Hill shot at Bailey with his own gun. A fight ensued, in which Anthony and Leonard Hill were each shot and Bailey was rendered unconscious. Emergency personnel took all three men to a hospital, where Bailey died several days later. Stevenson returned to Chicago, where he was arrested two weeks later.

{¶ 7} Defendant Stevenson was charged with complicity to commit robbery, R.C. 2911.02(A)(2) and 2923.03(A)(2), and receiving stolen property, R.C. 2913.51(A). Firearm specifications were attached to the robbery and receiving-stolen-property charges. R.C. 2941.141. Defendant's trial was to a jury, which returned guilty verdicts on all charges. Defendant's counsel did not move to merge the guilty verdicts for robbery/complicity and receiving stolen property into a single conviction pursuant to R.C. 2941.25. The trial court entered judgments of conviction on both. The court sentenced defendant to concurrent prison terms of 17 months for receiving stolen property and seven years for complicity to commit robbery. The court merged the firearm-specification verdicts and imposed a single, one-year term, to be served prior to the other prison terms.

{¶ 8} R.C. 2941.25 provides:

{¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may

contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 11} R.C. 2941.25 codifies the double jeopardy protections in the federal and Ohio constitutions, which prohibit courts from imposing cumulative or multiple punishments for the same criminal conduct unless the legislature has expressed an intent to impose them. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699. R.C. 2941.25 expresses the legislature's intent to prohibit multiple convictions for offenses that are allied offenses of similar import under paragraph (A) of that section, unless the conditions of paragraph (B) are also satisfied. Id. "Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract.*" Id. at paragraph one of the syllabus.

{¶ 12} In *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at paragraph one of the syllabus, the Supreme Court held:

{¶ 13} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, clarified.)"

{¶ 14} Defendant was found guilty of complicity to commit robbery in violation of R.C. 2911.02(A)(2) and 2923.03(A)(2) and receiving stolen property in violation of R.C. 2913.51(A). The complicity statute provides:

{¶ 15} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶ 16} "(2) Aid or abet another in committing the offense."

{¶ 17} The robbery statute provides:

{¶ 18} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 19} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

{¶ 20} The receiving-stolen-property statute provides:

{¶ 21} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 22} Defendant relies on *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133, which held that theft and receiving stolen property are allied offenses of similar import. See also *State v. Yarbrough,* 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Those cases hold that because one who commits a theft necessarily receives the property he steals, theft and receiving stolen property are allied offenses of similar import when both involve the same property.

{¶ 23} Unlike theft as defined by R.C. 2913.02(A), which involves a completed course of conduct, robbery as defined by R.C. 2911.02(A)(2) also prohibits attempted theft as a predicate offense. An attempt to commit a crime is "conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Because commission of an attempted theft is conduct that does not result in a theft, robbery and receiving stolen property are not allied offenses of similar import under the holdings in *Geiger* and *Yarbrough.*

{¶ 24} Defendant also cites *State v. Wilkerson* (March 13, 1980), Cuyahoga App. No. 40741, 1980 WL 354688, and *State v. Dalton* (Dec. 19, 1986), Lucas App. No. L–86–118, 1986 WL 14830, for the proposition that robbery, which is an "aggravated" theft offense, and receiving stolen property are allied offenses of similar import. However, those decisions predate both *Rance* and *Cabrales,* which set forth the test that must be used in determining whether offenses are allied offenses of similar import.

{¶ 25} Applying the test of *Rance,* as clarified in *Cabrales,* and comparing the elements of these two offenses in the abstract, without considering the evidence in this case, we find that commission of one of these two offenses does not necessarily result in commission of the other.

{¶ 26} A person can commit a robbery as defined by R.C. 2911.02(A) by inflicting, attempting to inflict, or threatening to inflict physical harm in the course of *attempting* to commit a theft offense without necessarily receiving, retaining, or disposing of property he has reasonable cause to believe was obtained through commission of a theft offense in violation of R.C. 2913.51(A). And a person can receive, retain, or dispose of property he has reasonable cause to believe has been obtained through commission of a theft offense in violation of R.C. 2913.51(A) without necessarily aiding another person in inflicting, attempting to inflict, or threatening to inflict physical harm during the course of the theft offense that resulted in the acquisition of the stolen property in violation of R.C.

2911.02(A). Therefore, the offenses of complicity to commit robbery and receiving stolen property of which defendant was found guilty are not allied offenses of similar import. Rather, they are offenses of dissimilar import, and defendant could be convicted and sentenced for both offenses. Defendant was therefore not prejudiced by his appellate counsel's failure to argue a violation of R.C. 2942.25.

{¶ 27} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

DONOVAN, P.J., and BROGAN, J., concur.