[Cite as *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323.]

THE STATE OF OHIO, APPELLEE, *v*. HARRIS, APPELLANT.

[Cite as *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323.]

*Criminal law — Allied offenses — R.C. 2941.25(A) — Robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are allied offenses — Felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) are allied offenses.*

(No. 2007-1812 — Submitted January 13, 2009 — Decided July 7, 2009.)

APPEAL from the Court of Appeals for Hamilton County, No. C-060587.

_____

SYLLABUS OF THE COURT

1. Robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim.

2. Felonious assault defined in R.C. 2903.11(A)(1) and felonious assault defined in R.C. 2903.11(A)(2) are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim. (*State v. Cotton,* 120 Ohio St.3d 321, 2008-Ohio-6249, 898 N.E.2d 959, followed.)

_____

LUNDBERG STRATTON, J.

**I. Introduction**

{¶ 1} There are two issues before the court. The first is whether robbery under R.C. 2911.02(A)(2) and aggravated robbery under R.C. 2911.01(A)(1) are allied offenses of similar import. We are asked the same question with regard to felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C.

2903.11(A)(2). In both instances, we hold that the offenses are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim. In this case, we hold that appellant, Cornelius Harris, was convicted on and sentenced for several counts of robbery and aggravated robbery and several counts of felonious assault that should have merged because the crimes were committed with the same animus against the same victim. Accordingly, we reverse the judgment of the court of appeals.

## II. Facts

{¶ 2} James Lawrence, Dwight Lawrence, and Demon Meatchem were smoking marijuana and playing dominos at James Lawrence's apartment. Evander Kelly, a friend of the Lawrence brothers, and Harris decided to stop by James's apartment. Kelly spoke to the dominos players while Harris went to the bathroom. When Harris returned from the bathroom, he was holding a gun. Harris struck Dwight Lawrence in the back of the head with the gun and ordered him, his brother James, and Meatchem to lie face down on the bed while he stole their money, cell phones, videos, and compact disks.

{¶ 3} Fearing that he was going to be shot, Meatchem charged Harris and knocked the gun out of his hands. Kelly picked up the gun and fired four rounds. The first round was aimed at James Lawrence, but it missed. The next three rounds were aimed at Meatchem and Dwight Lawrence, who were struggling with Harris. Two of the rounds struck Meatchem, and one struck Dwight Lawrence. Harris and Kelly then fled the apartment.

{¶ 4} A grand jury indicted Harris on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), three counts of robbery in violation of R.C. 2911.02(A)(2), three counts of felonious assault in violation of R.C. 2903.11(A)(2), and two counts of felonious assault in violation of R.C. 2903.11(A)(1). All counts contained firearm specifications as well.

**{¶ 5}** A jury found Harris guilty on all counts and all specifications. The court imposed prison terms for each offense and ordered that they be served consecutively. The court of appeals affirmed the judgment of the trial court.

**{¶ 6}** We accepted Harris's discretionary appeal, in which he asserts that aggravated robbery and robbery are allied offenses of similar import and that a defendant cannot be convicted on both offenses if the charges originate from the same conduct. Harris also asserts that a defendant may not be convicted of two counts of felonious assault charged pursuant to R.C. 2903.11(A)(1) and 2903.11(A)(2) if both charges arise from the same conduct toward the same victim.

### III. Analysis

*A. R.C. 2941.25*

**{¶ 7}** Ohio's multiple-count statute, R.C. 2941.25, provides:

**{¶ 8}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶ 9}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 10}** This court has interpreted R.C. 2941.25 to involve a two-step analysis. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can

be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis sic.) *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

{¶ 11} In *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus, we held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract*." (Emphasis sic.) We determined that, as opposed to considering elements within the context of the facts of each case, comparing the elements in the abstract "is the more functional test, producing 'clear legal lines capable of application in particular cases.' " Id. at 636, quoting *Kumho Tire Co., Ltd. v. Carmichael* (1999), 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238.

{¶ 12} However, some courts interpreted *Rance* to require a strict textual comparison of the elements of the compared offenses under R.C. 2941.25(A). *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 21. We concluded that that interpretation "conflicts with legislative intent and causes inconsistent and absurd results." Id. at ¶ 27. Thus, in *Cabrales* we clarified *Rance* and held that "in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), *Rance* requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements." Id.

{¶ 13} Accordingly, in *Cabrales* we held that even though the elements of possession of a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(2) ("knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance") did not exactly align, the crimes were, nevertheless, allied offenses of similar import because trafficking in a controlled substance

4

necessarily results in possession of the same controlled substance. *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 30.

{¶ 14} Having reviewed *Cabrales*'s clarification of *Rance*, we now examine the offenses at issue in this case.

### B. Robbery and Aggravated Robbery

{¶ 15} Each count of robbery herein was charged under R.C. 2911.02(A)(2), which provides that no person, in attempting to commit or committing a theft offense, or fleeing immediately thereafter, shall "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another." Each count of aggravated robbery was charged under R.C. 2911.01(A)(1), which provides that no person, in attempting to commit or committing a theft offense, or in fleeing immediately thereafter, shall "[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 16} In *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, we applied *Cabrales* to determine whether kidnapping defined in R.C. 2905.01(A)(2)and aggravated robbery defined in R.C. 2911.01(A)(1) were allied offenses of similar import. In comparing these offenses, we explained, "In essence, the elements to be compared in the abstract are the restraint, by force, threat, or deception, of the liberty of another to 'facilitate the commission of any felony' (kidnapping, R.C. 2905.01(A)(2)) and having 'a deadly weapon on or about the offender's person or under the offender's control and either display[ing] the weapon, brandish[ing] it, indicat[ing] that the offender possesses it, or us[ing] it' in attempting to commit or committing a theft offense (aggravated robbery, R.C. 2911.01(A)(1)). It is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another." Id. at ¶ 21. Thus, we held that even though the elements of these

offenses do not exactly align, they are " 'so similar that the commission of one offense will necessarily result in commission of the other.' *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus." Id.

{¶ 17} Similar reasoning applies when comparing robbery and aggravated robbery. The possession of a deadly weapon, used, shown, brandished, or made known to the victim during a theft or flight from a theft also constitutes a threat to inflict physical harm on that victim. Thus, robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are so similar that the commission of one offense will result in commission of the other. Accordingly, we hold that robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim.

*C. Felonious Assault: R.C. 2903.11 (A)(1) and (A)(2)*

{¶ 18} In *State v. Cotton* (June 20, 2007), Hamilton App. No. C-060264, the defendant stabbed one victim, three times. He was convicted of felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2). The trial court imposed sentences for both convictions. The court of appeals affirmed.

{¶ 19} We reversed the judgment of the court of appeals in *Cotton* on the authority of *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149,[1] holding that felonious assaults in violation of R.C. 2903.11(A)(1) and (2) are allied offenses of similar import under R.C. 2941.25(A). *State v. Cotton*, 120 Ohio St.3d 321, 2008-Ohio-6249, 898 N.E.2d 959.

---

1. In *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 40, we held that "aggravated assault[s] in violation of R.C. 2903.12(A)(1) and (A)(2) are allied offenses of similar import."

**{¶ 20}** On the authority of *Cotton*, we affirm that convictions for felonious assault defined in R.C. 2903.11(A)(1) and felonious assault defined in R.C. 2903.11(A)(2) are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim.

### D. Merger

**{¶ 21}** Two allied offenses of similar import must be merged into a single conviction. *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 42. In merging two allied offenses of similar import, we have held: "An accused may be *tried for both* but may be *convicted and sentenced for only one*. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." (Emphasis added.) *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 244, 74 O.O.2d 380, 344 N.E.2d 133.

**{¶ 22}** A final judgment of conviction occurs when the judgment contains "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.

**{¶ 23}** In light of *Baker*, we hold that *Geiger* requires the prosecution to elect which offense it will pursue after a finding of guilt but prior to sentencing.

### IV. Conclusion

**{¶ 24}** Harris was convicted on three counts of robbery and three counts of aggravated robbery against Dwight Lawrence, James Lawrence, and Demon Meatchem. Because all six offenses were committed simultaneously, we hold that all were committed with the same animus. Thus, the six convictions for robbery and aggravated robbery must be merged into a total of three convictions

for robbery or aggravated robbery against the three victims, to be determined by the state on remand.

{¶ 25} Harris was also convicted on one count of felonious assault under R.C. 2903.11(A)(1) and one count of felonious assault under R.C. 2903.11(A)(2) for his actions against Dwight Lawrence. During the robbery, Harris struck Dwight Lawrence with the gun. Later, Kelly shot Dwight Lawrence one time. It is unclear from the record and the jury instructions whether the state charged Harris with striking Dwight Lawrence with the gun as part of the robbery, or whether the striking with the gun and later shooting were separately charged as assaults. We remand this cause to the trial court to determine this issue and whether the assaults, if separately charged, were committed with the same animus.

{¶ 26} Finally, Harris was convicted on two counts of felonious assault under R.C. 2903.11(A)(1) and (A)(2), for two gunshot wounds inflicted on Meatchem. Under the facts in this case, we hold that both assault offenses were committed with the same animus. Therefore, Harris's convictions for felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) must be merged to one conviction, to be determined by the state on remand.

{¶ 27} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with our opinion.

Judgment reversed

and cause remanded.

O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

MOYER, C.J., and PFEIFER and LANZINGER, JJ., concur in part and dissent in part.

_____

**CUPP, J., concurring.**

{¶ 28} I continue to have serious concern with the majority's reliance upon *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154. I joined the dissent in *Winn* because I believed that the majority's gloss on *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, was likely to generate increased confusion among the trial and appellate courts on the issue of when offenses are allied offenses of similar import under R.C. 2941.25.

{¶ 29} The dissent in *Winn* pointed out that applying the *Cabrales* test still required that " 'if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will *necessarily* result in commission of the other, then the offenses are allied offenses of similar import.' (Emphasis added.)" *State v. Winn* at ¶ 27 (Moyer, C.J., dissenting), quoting *State v. Cabrales* at ¶ 26. As the Chief Justice's dissent noted, the *Winn* majority opinion amounted to "a rewriting of the *Cabrales* test," and "[i]nstead of requiring that the commission of one offense *necessarily* results in the commission of the other, the [*Winn* opinion] requires that the commission of one offense *probably* results in the commission of the other." (Emphasis sic.) *State v. Winn* at ¶ 32, 33. *Winn*, in my view, introduced an element of probability into an already difficult-to-apply test involving a reasoned search for hypotheticals.

{¶ 30} While the *Cabrales* test looked to the language of the statutes at issue to determine whether commission of one offense necessarily resulted in commission of the other offense, *Winn* requires a subjective determination about when hypothetical alternative ways of committing a crime are so unlikely to occur that they are improbable and, therefore, insufficient to defeat a conclusion that the crimes are allied offenses under R.C. 2941.25. See *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 24 ("We would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other"). The *Winn* approach— determining whether commission of one offense *probably* results in commission

of the other—requires a subjective determination about which reasonable minds are likely to differ.

{¶ 31} In this case, comparing the elements of the aggravated robbery and robbery statutes at issue, committing aggravated robbery under R.C. 2911.01(A)(1) will not *necessarily* result in commission of robbery under R.C. 2911.02(A)(2). This is similar to *Winn*, in which there were several ways in which an aggravated robbery could be committed without a kidnapping also being committed, as the dissent in that case noted. Id. at ¶ 29 (Moyer, C.J., dissenting).

{¶ 32} Because *Winn* garnered the support of a majority of this court for its holding, it is now the controlling law on this issue. Only case-by-case experience, as courts attempt to apply the decision in *Winn*, will determine whether it was a wise decision. But until experience sheds its guiding light, I am bound by the principle of stare decisis. Therefore, I reluctantly concur.

O'CONNOR, J., concurs in the foregoing opinion.

―――――――――――――

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 33} I agree with the majority that robbery under R.C. 2911.02(A)(2) and aggravated robbery under R.C. 2911.01(A)(1) are allied offenses of similar import, and that felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) are allied offenses of similar import.  I also agree that the six convictions for robbery and aggravated robbery must be merged to a total of three convictions for robbery or aggravated robbery, and that the two counts of felonious assault involving Meatchem must be merged into one for sentencing purposes.

{¶ 34} I dissent from the majority's conclusion that the case must be remanded to the trial court for a determination of whether the state charged Harris with striking Dwight Lawrence with the gun as part of the robbery or whether the

striking with the gun and the later shooting of Dwight Lawrence were separately charged as assaults.

{¶ 35} The majority asserts that it is unclear from the record and jury instructions whether the state charged Harris with felonious assault resulting from his striking of Dwight Lawrence. To the contrary, in the state's closing argument at trial, it sought convictions for felonious assault only for the shootings. The state mentioned Harris's act of striking Dwight Lawrence in the head only in the context of the charges of aggravated robbery. Later in the closing argument, the state transitioned into a discussion of the charges of felonious assault, stating, "Moving down to the felonious assaults, that's where the shootings come in." The state asserted that each shot that was fired and hit a victim was sufficient to support convictions for felonious assault under both R.C. 2903.11(A)(1) and 2903.11(A)(2). Clearly, then, the state sought to charge Harris with felonious assaults arising only out of the gunshots.

{¶ 36} For these reasons, I concur in the syllabus of the court and the majority's conclusions concerning the merger of the robbery and aggravated robbery counts and the merger of the two counts of felonious assault involving Meatchem. I dissent to the extent that the majority does not merge the two counts of felonious assault involving Dwight Lawrence.

MOYER, C.J., and PFEIFER, J., concur in the foregoing opinion.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and James Michael Keeling, Assistant Prosecuting Attorney, for appellee.

Theresa G. Haire, Assistant Public Defender, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Jon T. Martin and Cullen Sweeney, Assistant Public Defenders, urging reversal for amicus curiae, Cuyahoga County Public Defender.

_____