Lanzinger, J.,
dissenting.
{¶ 29} I respectfully dissent because the majority’s analysis impairs the finality of the judgment and may ultimately lead to a violation of a defendant’s right to be free from double jeopardy.
{¶ 30} The majority states that “[t]his appeal poses two questions: (1) What exactly does R.C. 2941.25(A) prohibit when it states that a defendant may be ‘convicted’ of only one of two allied offenses? and (2) When a sentencing court violates this prohibition, what is the proper procedure on remand?” The majority concludes that “conviction” includes both the guilt determination and the imposition of a sentence or penalty, citing precedent from mostly death-penalty cases that offer little analysis. Two cases that were decided shortly after the effective date of R.C. 2941.25 offer better insight. In Maumee v. Geiger (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133, the issue was whether a person who admitted to the theft of property could be convicted of receiving stolen property. There we stated that “the intent of the General Assembly controls in this case, and that intent is plainly expressed in R.C. 2941.25, supra, and the accompanying committee comment. Although receiving is technically not an included offense of theft, it is, under R.C. 2941.25, an ‘allied offense of similar import.’ An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense.” (Emphasis added.) Id. at 244, 74 O.O.2d 380, 344 N.E.2d 133.
*327 {¶ 31} In State v. Henderson (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, we were asked to determine the intent of the General Assembly in enacting the phrase “previously been convicted of a theft offense” as used in former R.C. 2913.02(B), which elevated a misdemeanor theft offense to grand theft, a fourth-degree felony. Henderson had been separately indicted on one count of receiving stolen property and one count of grand theft. Although he had pleaded guilty to receiving stolen property, and the court had accepted that plea, he had not yet been sentenced when he was indicted for grand theft. The trial court determined that a plea of guilty was sufficient to satisfy the prior-conviction element. The court of appeals reversed, holding that a judgment entry of conviction was necessary to constitute a “conviction.” In affirming the appellate court, we noted two important considerations: (1) a prior conviction was an integral element of the offense of grand theft, and (2) R.C. 2901.04(A) requires that we construe the meaning of “convicted” strictly against the state and liberally in favor of the defendant. Id. at 174, 12 O.O.3d 177, 389 N.E.2d 494. This court determined that the statute required “a more final adjudication of the defendant’s guilt,” i.e., the pronouncement of a sentence. Id. at 178, 12 O.O.3d 177, 389 N.E.2d 494.
{¶ 32} In Whitfield’s case, however, defining the term “convicted” to mean both a finding of guilt and a sentence works to the defendant’s detriment, thereby raising constitutional issues relating to a defendant’s rights. By leaving the separate finding of guilt pending, the majority prevents the defendant from having a final judgment on all charged offenses.
{¶ 33} Furthermore, the use of the term “convicted” throughout the Revised Code, while not defined, clearly implies only the finding of guilt. See, e.g., R.C. 2929.01(EE) (“ ‘Sentence’ means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense”) (emphasis added); R.C. 2929.19(A) (“The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony * * *”) (emphasis added); R.C. 2929.16(E) (“If a person who has been convicted of or pleaded guilty to a felony is sentenced to community residential sanction”) (emphasis added); R.C. 2930.19(C) (“The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a conviction, sentence, adjudication, or disposition, or for granting postconviction release to a defendant or alleged juvenile offender”) (emphasis added).
{¶ 34} In Henderson, 58 Ohio St.2d at 178, 12 O.O.3d 177, 389 N.E.2d 494, a case involving the enhanced-penalty provisions of former R.C. 2913.02(B), we acknowledged that the General Assembly used the term “conviction” to mean *328 simply the finding of guilt in several statutes, but concluded that “the distinction between conviction and sentencing in these few provisions exists solely for the purpose of depicting various procedures to be followed during the interval after a defendant’s guilt is legally adjudicated and before an appropriate penalty or treatment is determined. It is unreasonable to assume that the General Assembly intended an intermediate stage in a criminal proceeding, evidenced by the entry of a plea of guilty, to invoke the enhanced penalty provisions of R.C. 2913.02(B).” But for purposes of R.C. 2941.25, it makes sense that the General Assembly intended to confine the term “convicted” to the finding of guilt, because allied offenses are to be merged before sentencing. See State v. Harris, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, ¶ 23 (“Geiger requires the prosecution to elect which offense it will pursue after a finding of guilt but prior to sentencing”).
{¶ 35} Even if I were to accept that “conviction” includes sentencing as well as a finding of guilt in this case, I cannot agree with the majority’s remedy. In State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42, this court acknowledged that R.C. 2941.25 is a legislative attempt to codify the judicial doctrine of merger, i.e., the principle that “ ‘a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.’ ” Id., quoting State v. Botta (1971), 27 Ohio St.2d 196, 201, 56 O.O.2d 119, 271 N.E.2d 776. See also State v. Rice (1982), 69 Ohio St.2d 422, 424, 23 O.O.3d 374, 433 N.E.2d 175; State v. Roberts (1980), 62 Ohio St.2d 170, 172, 16 O.O.3d 201, 405 N.E.2d 247; State v. Logan (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345. Although the majority acknowledges the merger doctrine, it inexplicably holds that the separate determination of the defendant’s guilt on each allied offense remains intact, both before and after merged sentencing.
{¶ 36} This holding contradicts the concept of merger. The allied offenses combine into one pursuant to R.C. 2941.25(A). In essence, the offense that the state elects to pursue absorbs the other offense, and nothing remains of the absorbed offense, including the finding of guilt. See Gates Mills v. Yomtovian, 8th Dist. No. 88942, 2007-Ohio-6303, ¶ 23, 2007 WL 4200629 (“ ‘merge’ in criminal law is defined as, ‘[t]he absorption of a lesser included offense into a more serious offense when a person is charged with both crimes, so that the person is not subject to double jeopardy.’ Black’s Law Dictionary (8 Ed. Rev.2004) 1009”). To say that a determination of guilt on the merged offense survives means it remains pending in limbo and prevents a final judgment from being entered. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8 (a trial court must separately assign a particular sentence to each offense); State v. Waters, 8th Dist. No. 85691, 2005-Ohio-5137, 2005 WL 2386477 (an order that fails to impose sentence for an offense for which the offender was found guilty not only violates *329 this rule but renders the resultant order nonfinal and not immediately appeal-able).
William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Spencer Cahoon, Assistant Public Defender, for appellee.
{¶ 37} Once the state elects which allied offense it will pursue, that decision should be final, and the trial court should dismiss the other allied count. If the court of appeals reverses the judgment of conviction, the state should not be given a second chance to convict on the charge merged. By holding that the determination of guilt remains undisturbed after the merger of the allied offenses, the majority focuses on the prohibition against multiple punishments for the same offense, but ignores the equally important double jeopardy protection against successive prosecutions for the same conduct. I respectfully dissent.
Pfeifer, J., concurs in the foregoing opinion.