[Cite as *State v. Lange*, 2019-Ohio-4687.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 19 CAC 03 0024 |
| NICHOLAS J. LANGE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  18 TRC 11675


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 13, 2019


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ELIZABETH MATUNE                       DOMINIC L. MANGO
CITY PROSECUTOR                        MANGO LAW OFFICE
CHRISTOPHER E. BALLARD                 40 South Franklin Street
ASSISTANT PROSECUTOR                   Suite 202
70 North Union Street                  Delaware, Ohio  43015
Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Defendant-Appellant Nicholas J. Lange appeals his conviction on one count of R.C. §4511.19(A)(1(a) following a no contest plea in the Delaware Municipal Court.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On August 5, 2018, Appellant Nicholas J. Lange was arrested and charged in the Delaware Municipal Court with four violations: operating under the influence, operating with a prohibited concentration of alcohol, marked lanes, and failing to signal. He entered pleas of not guilty and demanded a jury trial.

**{¶5}** On September 21, 2018, Appellant filed a motion to dismiss/motion to suppress the results of his breath alcohol test.

**{¶6}** On December 5, 2018, a hearing was held on Appellant's motion to suppress.

**{¶7}** By Decision and Judgment Entry filed December 28, 2018, the trial court overruled Appellant's motion to suppress.

**{¶8}** On March 21, 2019, Appellant entered pleas of no contest to operating while impaired and with a prohibited concentration of alcohol in violation of R.C. §4511.19(A)(1)(a) and R.C. §4511.19(A)(3), respectively. Appellant signed a written waiver of rights and was represented by counsel at this hearing. Appellee dismissed the two remaining minor infractions, R.C. §4511.25 and R.C. §4511.13., in exchange for the no contest pleas. There was no other written plea agreement.

{¶9} When counsel was asked to explain plea negotiations on the record, the following response was given:

MS. MATUNE: Yes, Your Honor. It's my understanding there's going to be no contest pleas to the two OVI charges.

THE COURT: All right. Very well. And is that your understanding, Mr. Mango?

MR. MANGO: That is, Your Honor. Thank you. (T. at 3).

{¶10} During the ensuing plea colloquy, the trial court explained the potential penalties for the two counts, and informed Appellant of the rights he was waiving. (T. at 4-6). The court then had the following discussion with Appellant:

THE COURT: And Mr. Lange, you're entering a plea of no contest to one charge of Operating a Vehicle While Under the Influence of Alcohol, and a related charge of Operating a Vehicle with a Prohibited Alcohol Concentration. Is that what your intention is?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that I can find you guilty of both of these charges if the evidence supports that, and- but I can only sentence you on one of them. And the State will be-will be required to elect which one they want to proceed on for sentencing purposes. Do you understand that? So it could be either charge. All right. (T. at 4).

{¶11} The court further stated "...I'm well aware that there's gonna [sic] be some discussion about an appeal being taken, and I may be asked to stay that."

**{¶12}** The court accepted the change of plea, and then inquired of the State of Ohio as to which of the two charges they would elect to proceed on for sentencing purposes. Appellee elected the R.C. §4511.19(A)(1)(a) "impaired" charge. (T. at 6).

**{¶13}** Appellant did not object at any point during the hearing.

**{¶14}** During a statement in mitigation, counsel for Appellant stated:

As we noted in the memorandum that the Court may recall, it is a narrow issue, but we feel that it does have merit, had to do with the dates as to the calibration of the breath machine that was used in this case. (T. at 10).

**{¶15}** Following Appellee's explanation of the circumstances, the trial court entered a guilty finding as to each of the charges, and proceeded, without objection, to sentencing on the R.C. §4511.19(A)(1)(a) charge. (T. at 8-9).

**{¶16}** For purposes of sentencing the cases merged and the trial court, in its judgment entry, imposed sentence on the R.C. §4511.19(A)(1)(a) charge. The trial court ordered Appellant to serve three (3) days in jail or seventy-two (72) hours in an alcohol education program, imposed a fine of $450, and ordered Appellant to pay costs. The trial court also placed Appellant on community control for 1 year. In addition, Appellant's driver's license was suspended for 180 days.

**{¶17}** Appellant moved for, and the court granted, a stay of execution of the sentence pending appeal.

**{¶18}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶19} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND AN ABUSE OF DISCRETION WHEN IT ACCEPTED APPELLANT'S NO CONTEST PLEAS, MADE FINDINGS OF GUILT AND SENTENCED APPELLANT ON THE 4511.19(A)(1)(a) CHARGE RATHER THAN THE 4511.19(A)(1)(d) CHARGE AFTER ACKNOWLEDGING ON THE RECORD THAT THE APPELLANT'S PLEAS OF NO CONTEST WERE BEING ENTERED FOR THE EXPRESSED PURPOSE OF APPEALING THE COURT'S RULING ON THE SUPPRESSION MOTION; THEREBY, THE COURT UNDERMINED THE LETTER AND SPIRIT OF THE PARTIES PLEA NEGOTIATIONS AND EFFECTIVELY RENDERED THE APPELLANT'S INSTANT APPEAL OF THE PRETRIAL RULING MOOT IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, SECTIONS 10 AND 14."

**I.**

{¶20} In Appellant's sole assignment of error, he argues that the trial court erred in sentencing him on the R.C. §.4511.19(A)(1)(a) charge. We disagree.

{¶21} In this case, pursuant to the negotiated plea agreement, the State agreed to dismiss the two lesser traffic offenses in exchange for Appellant's plea to the OVI counts. Appellant, pursuant to the plea agreement, therefore entered a plea of no contest to both the driving under the influence charge of R.C. §4511.19(A)(1)(a) (impaired driving) and R.C. §4511.19(A)(1)(d), (per se). A conviction under R.C. 4511.19(A)(1)(a) focuses on the conduct of the defendant and observations of the arresting officers, rather than the results of a chemical test or breathalyzer exam under R.C. § 4511.19(A)(1)(d).

**{¶22}** As the two OVI counts, R.C. §4511.19(A)(1)(a) which prohibits operating a vehicle while under the influence and R.C. §4511.19(A)(1)(d) which prohibits operating a vehicle with a prohibited blood alcohol concentration, are allied offenses of similar import, the trial court was required to merge the two offense for purposes of sentencing. *State v. Schwartz*, 5th Dist. Perry No. TRC0002759, 2002-Ohio-516.It

**{¶23}** It is the prerogative of the State of Ohio to elect which allied offense to pursue. The General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses. *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16 and 43, citing *Geiger,* 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133; Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973) 69. In conferring that right on the state, the legislature did not specify when the state must make that election. The Legislative Service summary states that "the prosecution *sooner or later* must elect as to which offense it wishes to pursue" (emphasis added), *id.*, thereby implying that the state has latitude in determining when to decide which offense to pursue at sentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 20 (2010).

**{¶24}** Here, the State elected to pursue the OVI charge under the R.C. §4511.19(A)(1)(a) for sentencing. As stated above, Appellant did not object.

**{¶25}** Appellant's no-contest plea to the (A)(1)(a) charge rendered moot any issues regarding suppression of the BAC results because the results of such test were not necessary or required to sustain the conviction on the impaired-driving charge.

**{¶26}** Based on the foregoing, we find no error on the part of the trial court in accepting Appellant's no contest plea and sentencing him in accordance therewith.

**{¶27}** For the foregoing reasons, the decision of the Municipal Court, Delaware County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 1030