OPINION
{¶ 1} Defendant-appellant Kurt Helton ("Helton") brings this appeal from the judgment of the Court of Common Pleas of Logan County sentencing him to consecutive terms of imprisonment.
 {¶ 2} On October 4, 2004, Helton entered into Lakeview Hardware and stole, among other items, a number of rifles and other firearms. The Logan County Grand Jury returned an indictment against Helton on November 9, 2004. This indictment contained 81 counts of grand theft of a firearm (one for each firearm stolen), seven counts of breaking and entering, two counts of grand theft of a motor vehicle, one count of safecracking, three counts of unlawful sexual conduct with a minor and one count of engaging in a pattern of corrupt activity. Pursuant to a written plea agreement, on February 7, 2005, Helton pled guilty to two counts of grand theft of a firearm (felonies of the third degree) and two counts of breaking and entering (felonies of the fifth degree).[1] The remaining 91 counts of the indictment were dismissed by the State. On March 18, 2005, a sentencing hearing was held. The trial court sentenced Helton to four years in prison on each of the grand theft of a firearm convictions and one year in prison on each of the breaking and entering convictions. The trial court then ordered that the sentences be served consecutively for a total prison term of 10 years. Helton appeals from this sentence and raises the following assignment of error. The trial court abused its discretion andcommitted plain error when it sentenced [Helton] to consecutiveprison terms for two separate thefts, as the thefts constituted asingle act with a singular intent and should have been mergedunder R.C. 2941.25(A).
 {¶ 3} Helton's sole assignment of error is that the trial court erred by sentencing him separately for allied offenses. Helton was convicted of the charges after he entered a guilty plea to the charges. Entering a guilty plea waives all errors which may have occurred unless such errors prevented the defendant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. To prevail on this assignment of error, Helton's claim must be that had he known the offenses were allied offenses of similar import, he would not have entered a guilty plea to them. No such claim has been made. Instead, Helton merely asks this court to modify the sentence by merging the offenses. Helton does not ask that his guilty plea be withdrawn.
 {¶ 4} Helton's sole claim is that the grand theft of firearm charges are allied offenses because they occurred during the same robbery. Offenses are allied if the elements correspond to such a degree that the commission of one offense results in the commission of the other. State v. Rance, 85 Ohio St.3d 632,1999-Ohio-291, 710 N.E.2d 699. "[I]f a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." State v. Jones
(1997), 78 Ohio St.3d 12, 13-14, 676 N.E.2d 80. "Accordingly, a court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions."State v. Cooper, 104 Ohio St.3d 293, 2004-Ohio-6553, ¶ 17,819 N.E.2d 657.
 {¶ 5} Here, the State filed separate counts in the indictment for each firearm stolen. Counts one and two of the indictment are for the theft of separate firearms. Although the firearms may have been stolen from the same location during the same theft, they are two separate firearms. The theft of each one is an individual offense, thus the theft charges are for separate acts. Since the thefts are for separate acts, no allied offense analysis is required. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Logan County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, j., concur.
[1] The written plea agreement also states that Helton agreed to serve a total sentence of 10 years as part of the agreement.