[Cite as *State v. Ervin*, 2015-Ohio-3688.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-53 |
| | : | |
| CASEY R. ERVIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2015.

. . . . . . . . . . .

WESLEY E. SOMOGY, Atty. Reg. No. 0089037, Assistant Champaign County Prosecutor, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JENNIFER S. DELAPLANE, Atty. Reg. No. 0089521, 127 West Market Street, Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Casey R. Ervin, appeals from his conviction and sentence in the Champaign County Court of Common Pleas after pleading guilty to one count of grand theft of a firearm and one count of theft of drugs.   Ervin filed a timely notice of appeal from his conviction and sentence on July 16, 2014.   For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} The incident which forms the basis of the instant appeal occurred on February 18, 2014, when Ervin, acting under the guise of feeding pets, entered the residence of his former foster mother and removed several items from her home.   The stolen property included a firearm, 74 Percocet pills, an Xbox gaming console with games, a Playstation 3 gaming console with three controllers, and a 16GB iPod with speakers.   Ervin traveled to Columbus, Ohio, where he sold all the stolen items to unknown individuals.   None of the property nor any of the proceeds from the sale of said property were recovered.

{¶ 3} Ervin was subsequently indicted for one count of grand theft of a firearm in violation of R.C. 2913.02(A)(1)(B)(4), a felony of the third degree; one count of theft of drugs in violation of R.C. 2913.02(A)(1)(B)(6), a felony of the fourth degree; one count of petty theft in violation of R.C. 2913.02(A)(1)(B)(2), a misdemeanor of the first degree; and two counts of receiving stolen property in violation of R.C. 2913.51(A)(C), one count being a felony of the fourth degree and the other a first-degree misdemeanor.   Following his indictment, on March 10, 2014, Ervin pled not guilty to the charges.

{¶ 4} On April 11, 2014, Ervin filed a motion to suppress any incriminating oral statements he made to police after being arrested and taken into custody.   A

suppression hearing was held before the trial court on April 22, 2014. On May 6, 2014, the trial court issued a decision overruling Ervin's motion to suppress, finding that Ervin's statements to police were voluntary and not the result of threats or coercive conduct.

{¶ 5} After negotiations between the parties, Ervin agreed to plead guilty to grand theft of a firearm and theft of drugs respectively, in exchange for dismissal of the remaining charges. A plea hearing was held on May 21, 2014, during which the following exchange occurred between the trial court and Ervin:

> The Court: * * * Your attorney and Prosecutor Somogy came into my chambers where Prosecutor Somogy presented the Court with case law and some statutes standing for the proposition that if prison is imposed on an offense called grand theft when the property is a firearm, that – and prison is imposed on another offense within the same indictment, that the sentences must run consecutive to one another. Which means that they run one after the other.
>
> Your attorney took the position that the statute does not require mandatory consecutive sentences. That whether or not it's consecutive or concurrent remains at the discretion of the Court. I have reviewed – do you understand me so far?
>
> Ervin: Yeah.
>
> The Court: I've reviewed the language in [R.C] 2913.02(B)(4) as well as this sentencing language in [R.C.] 2929.14(C)(3). And the Court is taking the position – and as a backdrop to all of this, I guess I should say that, as I understand it, you are willing to enter a plea to Count One, felony

three grand theft, when the property is a firearm and in Count Two, felony four theft of drugs. And the Court, after reviewing the two statutes that I just mentioned, is taking the position that there is a presumption in favor of the Court imposing prison on Count One, but it is not mandatory that prison is imposed in Count One. Do you understand me so far?

Ervin: Does that mean it's like – not completely, no. Does that mean it's going to be mandatory or not mandatory?

The Court: It means that there is a presumption presumed that you're going to get a prison term. But your lawyer and you are able to – you'll have the opportunity to rebut that presumption. Which means you'll have the opportunity to present evidence to me to demonstrate why prison should not be imposed. So to put it in more plain terms, the statute says it's presumed. You're starting off with the presumption that you're going to prison. But you have the opportunity to rebut that option. Do you understand that?

Ervin: Yes.

The Court: Okay. The Court is also taking the position, though, that if the Court imposes prison on Count One, which is the felony three grand theft, and if the Court imposes prison on Count Two, which is the felony four theft of drugs, that those must be served consecutive to one another. Do you understand that?

Ervin: Yes.

Plea Hearing Trans. (May 21, 2014), p. 2-4.

{¶ 6} Thereafter, the trial court accepted Ervin's plea and found him guilty of grand theft of a firearm and theft of drugs. The trial court then ordered the preparation of a pre-sentence investigation report and scheduled Ervin's sentencing hearing for June 17, 2014.

{¶ 7} At the sentencing hearing, the trial court initially found that grand theft of a firearm and theft of drugs were not allied offenses of similar import. The trial court then sentenced Ervin to 24 months in prison for grand theft of a firearm and 10 months in prison for theft of drugs. Consistent with its prior ruling at the plea hearing, the trial court ordered the prison terms to be served consecutively pursuant to its interpretation of R.C. 2929.14(C)(3). The trial court then issued a judgment entry of conviction on the same day as the sentencing hearing.

{¶ 8} Ervin now appeals from his conviction and sentence, raising two assignments of error for review. Ervin's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN FAILING TO MERGE THE TWO CHARGES FOR THE PURPOSES OF SENTENCING BECAUSE THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT THUS SUBJECT TO MERGER UNDER R.C. 2941.25.

{¶ 9} Under his First Assignment of Error, Ervin contends that his grand theft of a firearm and theft of drugs offenses are allied offenses of similar import that should have been merged at sentencing. Specifically, Ervin argues that he committed the theft offenses in the course of the same incident and that he had a single animus for each offense. We disagree.

{¶ 10} The appellate review of a trial court's allied-offenses ruling is de novo.

*State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. R.C. 2941.25, the allied offenses statute, provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 11} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio announced a new test for determining when offenses are allied offenses of similar import. Pursuant to *Johnson*, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at ¶ 44. The Court further noted that:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the

offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge.

(Emphasis sic.) *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 48-51; *see also State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 16.

**{¶ 12}** Most recently, the Supreme Court of Ohio held that two or more offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 23. Therefore, offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if any of the following are true: "(1) the offenses are dissimilar in import or significance * * *, (2) the offenses were committed separately, [or] (3) the offenses were committed with separate animus or motivation." *Id.* at ¶ 25. This analysis "may result in varying results for the same set of offenses in different cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct—an

inherently subjective determination." *Id.* at ¶ 32, citing *Johnson* at ¶ 52.

{¶ 13} In the instant case, Ervin argues that the grand theft of a firearm offense and theft of drugs offense should merge in this case because the theft of the gun and the theft of the Percocet were committed with a single animus. We note that Ervin pled guilty to two theft offenses under different subsections of R.C. 2913.02(A)(1), to wit: grand theft of a firearm, R.C. 2913.02(B)(4), and theft of drugs, R.C. 2913.02(B)(6). R.C. 2913.02(A)(1) states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) [w]ithout the consent of the owner or person authorized to give consent."

{¶ 14} Applying the merger analysis in *Ruff*, we must first determine whether Ervin's two theft offenses are dissimilar in import or significance. Two or more offenses are dissimilar in import when the offenses involve separate victims, or when the resulting harm from each offense is separate and identifiable. *Ruff* at ¶ 23.

{¶ 15} Upon review, we conclude that the trial court did not err when it found that Ervin's crimes were not allied offenses of similar import because each of Ervin's thefts involved separate victims. As clearly stated in Ervin's indictment, the victim of the grand theft of a firearm was Ervin's former foster mother, K.E.S. The victim of the theft of drugs was identified as K.E.S.'s daughter, "K.S. (DOB: 03/22/96)." Thus, the trial court properly refused to merge Ervin's convictions under R.C. 2941.25. *Compare Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 15, quoting 1973 Legislative Service Commission comments to 1972 Am.Sub.H.B. No. 511 (explaining that " 'a thief who * * * steals different property from three separate victims in the space, say, of five

minutes, can be charged with and convicted of all three thefts' " because " 'the same offense is committed three different times, and in the second instance the same offense is committed against three different victims, i.e. with a different animus as to each offense.' ").

**{¶ 16}** For the foregoing reasons, Ervin's First Assignment of Error is overruled.

**{¶ 17}** Ervin's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONSECUTIVELY SENTENCED CASEY ERVIN PURSUANT TO R.C. 2929.14(C)(3), WHICH GOVERNS MANDATORY CONSECUTIVE SENTENCING TO "ANY PRISON TERM OR MANDATORY PRISON TERM PREVIOUSLY OR SUBSEQUENTLY IMPOSED" RATHER THAN MAKING THE REQUIRED FINDINGS PURSUANT TO R.C. 2929.14(C)(4) WHICH IS THE STATUTE THAT DIRECTS THE REQUIRED FINDINGS NECESSARY TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES WITHIN THE SAME CASE "IF MULTIPLE PRISON TERMS ARE IMPOSED ON AN OFFENDER FOR CONVICTIONS OF MULTIPLE OFFENSES" AND AS OTHERWISE DIRECTED PURSUANT TO R.C. 2929.41 AND CRIM.R. 32(A)(4), WHICH DIRECTS CONCURRENT SENTENCES EXCEPT AS PROVIDED IN R.C. 2929.14(C).

**{¶ 18}** Under his Second Assignment of Error, Ervin argues that the trial court erred when it imposed consecutive sentences pursuant to R.C. 2929.14(C)(3), rather than making the mandatory findings specified in R.C. 2929.14(C)(4).

**{¶ 19}** Unlike R.C. 2929.14(C)(4), which requires the trial court to make certain

findings before imposing consecutive sentences, R.C. 2929.14(C)(3) mandates the sentencing court to impose consecutive sentences for certain offenses without having to make any findings. Specifically, R.C. 2929.14(C)(3) states that:

> If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code, *a violation of division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance*, or a felony violation of division (B) of section 2921.331 of the Revised Code, *the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*

(Emphasis added.)

**{¶ 20}** R.C. 2913.02(B)(4) also states, in pertinent part, that:

> If the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft. * * * *The offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*

(Emphasis added.)

**{¶ 21}** In this case, the trial court did not make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. Rather, the trial court relied on the language in R.C. 2929.14(C)(3) and found that consecutive sentences were mandatory for Ervin's theft offenses since one of his offenses was grand theft of a firearm. Because the trial court imposed consecutive sentences pursuant to R.C. 2929.14(C)(3),

the State argues that the court was not required to make findings under R.C. 2929.14(C)(4). We agree.

{¶ 22} The language in R.C. 2929.14(C)(3) and R.C. 2913.02(B)(4) specifically states that the offender shall serve a prison term for grand theft of a firearm "consecutively to any other prison term or mandatory prison term *previously or subsequently imposed* upon the offender.*"* (Emphasis added.) As it relates to this case, we interpret a "subsequently imposed" prison term to encompass prison terms that are simultaneously imposed with the grand theft of firearm prison term. This interpretation is supported by the Tenth District's decision in *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775.

{¶ 23} In *June*, at the same sentencing hearing, the trial court sentenced a defendant to concurrent prison terms for one count of having a weapon while under disability and one count of failing to comply with the order of a police officer in violation of R.C. 2921.331(D). *Id.* at ¶ 2. The Tenth District reversed the sentence upon holding that "the trial court was required to impose consecutive sentences under *both* R.C. 2929.14(C)(3) and 2921.331(D)." (Emphasis sic.) *Id.* at ¶ 10. While *June* involves the offense of failing to comply as opposed to grand theft of a firearm, the court nevertheless interpreted R.C. 2929.14(C)(3) to apply to "any other prison term imposed on the offender," which included the prison term for having weapons while under disability that was simultaneously imposed with the complicity offense. *See Id.* at ¶ 7 ("[u]nder the terms of both R.C. 2929.14(C)(3) and 2921.331(D), the trial court was required to impose any prison term for the failure-to-comply conviction consecutively to any other prison term imposed on appellee").

**{¶ 24}** We also note that R.C. 2929.14(C)(1)(a), which governs firearm specification sentencing, contains the same "previously or subsequently imposed" language contained in R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4). Specifically, R.C. 2929.14(C)(1)(a) requires a mandatory prison term for a firearm specification to be served prior and consecutively to any prison term imposed for the underlying felony and "*consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*" (Emphasis added.) It is widely accepted that R.C. 2929.14(C)(1)(a) mandates a sentence imposed for a firearm specification to run consecutively to other prison sentences that were simultaneously imposed upon the offender. *See, e.g., State v. Hayes*, 2d Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶ 27 (noting that "pursuant to R.C. 2929.14(C)(1)(a), [the offender's] 12-month prison sentence for the firearm specification must be served consecutively to his 30-month prison sentence for having weapons under disability" where the offender was sentenced to single counts of having a weapon while under disability and possession of heroin with an attendant firearm specification); *State v. Ruby*, 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 29-32 (holding that under former R .C. 2929.14(E)(1)(a), now codified as R.C. 2929.14(C)(1)(a), the trial court properly ordered the defendant's one-year firearm specification to be served consecutively to the defendant's other offenses for which he was simultaneously sentenced and not just consecutively to the predicate offense); *State v. Freeman*, 7th Dist. Mahoning No. 14 MA 25, 2014-Ohio-5727, ¶ 29-31(finding that simultaneously imposed prison sentences for two firearm specifications were properly ordered to run consecutively to one another as well as prior and consecutively to their underlying felony offenses because R.C. 2929.14(C)(1)(a)

mandated consecutive service).

**{¶ 25}** Furthermore, it is well established that a trial court may not order a sentence to be served consecutively to a future sentence that is not yet imposed. *State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985). *Accord Olmsted Falls v. Clifford*, 2014-Ohio-2397, 12 N.E.3d 515, ¶ 12 (8th Dist.); *State v. Feller*, 2012-Ohio-6016, 985 N.E.2d 210, ¶ 40-41 (1st Dist.); *State v. Biegaj*, 6th Dist. Lucas No. L-07-1070, 2007-Ohio-5992, ¶ 9; *State v. Wise*, 12th Dist. Clermont No. CA2003-12-113, 2004-Ohio-6241, ¶ 8. Rather, the trial court's authority to issue consecutive sentences "is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*." (Emphasis sic.) *White* at 342.

**{¶ 26}** For the foregoing reasons, we hold that under R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4), a "subsequently imposed" prison term encompasses prison terms that are simultaneously imposed with a prison term for grand theft of a firearm. Accordingly, the trial court correctly ordered Ervin to serve the grand theft of firearm sentence consecutively to the theft of drugs sentence.

**{¶ 27}** For the foregoing reasons, Ervin's Second Assignment of Error is overruled.

**{¶ 28}** Having overruled both assignments of error raised by Ervin, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurring in part and dissenting in part:

**{¶ 29}** I disagree with the majority's resolution of the second assignment of error.   As the majority notes, Ervin pled guilty to one count of theft of drugs and one count of grand theft of a firearm, in violation of R.C. 2913.02(A)(1)(B)(4), which states in relevant part as follows:

[i]f the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft.   Except as otherwise provided in this division, grand theft when the property stolen is a firearm or dangerous ordnance is a felony of the third degree, and there is a presumption in favor of the court imposing a prison term for the offense. *** *The offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*

**{¶ 30}** R.C. 2929.14(C)(3) states in pertinent part that "[i]f a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code, a violation of division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance, or a felony violation of division (B) of section 2921.331 of the Revised Code, *the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*"

**{¶ 31}** It is undisputed that the trial court made none of the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on Ervin.   Instead, relying on the language in R.C. 2929.14(C)(3), the trial court found that it had no discretion in the matter and ordered that Ervin's sentence for grand theft of a firearm be served

consecutively to his sentence for theft of drugs. Because the trial court imposed consecutive sentences pursuant to R.C. 2929.14(C)(3), the State argues that the court was not required to make findings under R.C. 2929.14(C)(4).

{¶ 32} In support of its argument, the State relied heavily upon *State v. Back,* 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, wherein we held that the trial court was not required to make consecutive sentence findings under R.C. 2929.14(C)(4) when it imposed consecutive sentences upon the defendant pursuant to R.C. 2921.331(D).

{¶ 33} *Back* considered R.C. 2921.331 which governs the offense of failing to comply with the order or signal of a police officer. Section (D) of the statute provides that: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and the offender is sentenced to a prison term for that violation, *the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.*" "In other words, R.C. 2921.331(D) requires a trial court to impose consecutive sentences for certain violations of R.C. 2921.331(B)." *Back,* at ¶ 10; *see also June,* 2013-Ohio-2775 at ¶ 7. ("Under the terms of both R.C. 2929.14(C)(3) and R.C. 2921.331(D), the trial court was required to impose any prison term for the failure-to-comply conviction consecutively to any other prison term imposed on appellee"); *State v. Spicer,* 8th Dist. Cuyahoga No. 92384, 2010-Ohio-61, ¶ 19 ("[P]ursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, no matter if the sentence is being imposed on the same or different case."); *State v. Whittsette,* 8th Dist. Cuyahoga No. 85478, 2005-Ohio-4824, ¶ 10; ("[A] trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C.

2921.331(B)."); *State v. Mango*, 7th Dist. Mahoning No. 01 CA 170, 2002-Ohio-6890, ¶ 19 (("[I]t appears that the trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B).").                .

**{¶ 34}** The defendant in *Back* pled guilty to failure to comply under R.C. 2921.331(B), and he was sentenced pursuant to R.C. 2921.331(C)(4). *Id.* at ¶ 12.  We found that because the trial court imposed a prison sentence under division (C)(4) of the statute, the court was required by R.C. 2921.331(D) to impose consecutive sentences. *Id.* Accordingly, the trial court was not required to make the consecutive sentencing findings in R.C. 2929.14(C)(4) since consecutive sentences were already mandated by R.C. 2921.331(D). *Id.*  No mention was made in *Back* of R.C. 2929.14(C)(3) or how it affected the trial court's decision to impose mandatory consecutive sentences.  *Back* and the cited cases from other Ohio appellate districts are, therefore, distinguishable from the instant case.

**{¶ 35}** Failure to comply, in violation of R.C. 2921.331, is one of the three offenses, along with R.C. 2911.01 (aggravated robbery) and R.C. 2913.02 (theft), that are specifically enumerated in R.C. 2929.14(C)(3).  Pursuant to the language in R.C. 2929.14(C)(3), if a prison term is imposed for one of the three offenses, "*the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*" The above italicized language is mirrored in R.C. 2913.02(A)(1)(B)(4), which states that "the offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance *consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*"

{¶ 36} Pursuant to R.C. 2921.331(D), which governs failure to comply offenses, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." Notably absent from R.C. 2921.331(D) is the language "*previously or subsequently,*" which is present in both R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4). Obviously, section (D), the penalty provision of R.C. 2921.331, mandates the imposition of consecutive sentences whenever R.C. 2921.331(B), failure to comply, is violated and a defendant is sentenced for other offenses, be they past or present. Conversely, a violation of R.C. 2913.02(A)(1)(B)(4) mandates the imposition of consecutive sentences only when the additional sentence was imposed prior to or subsequent to the theft of a firearm offense. When sentences for multiple offenses, one of which is grand theft of a firearm, are imposed *simultaneously* or as part of the same case the imposition of consecutive sentences, hence, in my view, is not mandatory, but rather discretionary.

{¶ 37} The majority suggests that the "previously or subsequently imposed" language in R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4) "must" be construed to mean that a sentence for grand theft of a firearm shall run consecutively to any sentence previously imposed and to any sentence subsequently imposed *at the same sentencing hearing*. In support of its argument, the majority relies on *White*, which states that a trial court's statutory discretion to order that its prison sentence be served consecutive to another prison sentence is "based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence *in futuro*." *White*, 18 Ohio St.3d at 342. Simply put, *White* states that a trial court may not order a sentence to be served consecutively to

a future sentence that is not yet imposed. I do not disagree with the majority in this respect, as *White* controls sentences in *futuro*. Additionally, I recognize that *White* uses the phrase "the other sentence is *** one being imposed by the trial court at that time." *Id*. However, the *White* case predates our current sentencing scheme which makes it more difficult to impose consecutive sentences than in 1985, when *White* was decided. Furthermore, *White* was addressed to discretionary consecutive terms, not mandatory ones, which is a significant distinction. Hence, its value is limited, at best.

{¶ 38} In the instant case, the trial court imposed *mandatory* consecutive sentences for offenses that Ervin was convicted of and sentenced for at the same time, in a single judgment entry of conviction. This is not a case involving a court attempting to impose a consecutive sentence *in futuro*, nor is it a case where the trial court exercised its discretion to impose consecutive sentences. Accordingly, in my view, *White* has no application here. The phrase "subsequently imposed" is clearly confusing because as *White* states, a trial court is precluded from ordering a sentence to be served consecutively to a future sentence that is not yet imposed. Such a result would be unlawful and absurd.

{¶ 39} However, it is equally absurd to assume the legislature intended to mandate the imposition of consecutive sentences when sentences for multiple offenses, one of which is grand theft of a firearm, are imposed *simultaneously*. If that were the case, then the legislature should have removed the "previously and subsequently imposed" language in R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4), as they chose to do in R.C. 2921.331(D), which governs failure to comply offenses and states, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term

imposed upon the offender."

{¶ 40} I also note the language used in 18 U.S.C. § 924(c)(1)(D) serves as a model of clarity for weapons offenses, which states as follows:

Notwithstanding any other provision of law –

(i)     a court shall not place on probation any person convicted of a violation of this subsection; and

(ii)    *no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person*, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

(Emphasis added.)

{¶ 41} The language utilized in R.C. 2921.331(D) and 18 U.S.C. § 924(c)(1)(D) mandate the imposition of consecutive sentences whenever either statute is violated, and a defendant is sentenced for other past or present offenses.  In other words, the language in R.C. 2921.331(D) and 18 U.S.C. § 924(c)(1)(D) requires the trial court to impose consecutive sentences when a defendant is simultaneously convicted of multiple offenses.    Conversely,    the    language    used    in    R.C.    2929.14(C)(3)    and    R.C. 2913.02(A)(1)(B)(4) does not, explicitly or otherwise, mandate the imposition of consecutive sentences when a defendant is simultaneously convicted of multiple offenses.

{¶ 42} The majority also notes that R.C. 2929.14(C)(1)(a), which governs sentencing for firearm specifications, contains the "previously or subsequently imposed"

language utilized in R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4). I agree with the majority insofar as it states that it is well established that R.C. 2929.14(C)(1)(a) requires a sentence imposed for a firearm specification to run consecutively to other sentences that were simultaneously imposed at the same disposition.

{¶ 43} However, here we are not dealing with a specification. The "previously or subsequently imposed" language as utilized in R.C. 2929.14(C)(1)(a), however, is superfluous at best. The firearm specification is not a separate offense. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17. The firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings. *Id*. For example, if a defendant is convicted of aggravated robbery with a gun, the sentence for the firearm specification will *always* be made to run consecutive to the sentence for the predicate offense pursuant to R.C. 2929.14(C)(1)(a). In fact, the statute states that if an offender is ordered to serve a mandatory prison term for having a firearm while committing a felony, the offender will be required to serve the mandatory term "consecutively to and prior to any prison term imposed for the underlying felony."

{¶ 44} In the instant case, Ervin was simultaneously convicted for two separate criminal offenses, grand theft of a firearm and theft of drugs. Neither offense was accompanied by a penalty enhancement statute. While I find it curious that the legislature drafted R.C. 2929.14(C)(1)(a) to contain the "previously or subsequently imposed" language, in my view, it has no effect on our interpretation of the phrase as utilized in R.C. 2929.14(C)(3) and R.C. 2913.02(A)(1)(B)(4). The unfortunate phrase's use in R.C. 2929.14(C)(1)(a) certainly does not require us to substitute the word "simultaneously" where the legislature specifically chose to utilize the words "previously"

and/or "subsequently."

**{¶ 45}** Accordingly, I would find that the imposition of consecutive sentences is not mandatory when a defendant is simultaneously convicted of multiple offenses, including a violation of R.C. 2913.02(A)(1)(B)(4). I would find that the trial court must make the findings required by R.C. 2929.14(C)(4). Accordingly, in my view, the trial court erred when it found that consecutive sentences were mandatory pursuant to R.C. 2929.14(C)(3). Furthermore, the trial court having failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences, the case must be remanded for re-sentencing.

. . . . . . . . . .

Copies mailed to:

Wesley E. Somogy
Jennifer S. Delaplane
Hon. Nick A. Selvaggio