[Cite as *State v. Skapik*, 2015-Ohio-4404.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-250 |
| | : | |
| DAVID P. SKAPIK | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of October, 2015.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorneys for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, Harris, Meyer, Heckman & Denkewalter, LLC, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} David Skapik appeals from his conviction and sentence in Champaign

County Common Pleas Court on criminal charges arising out of several incidents of theft.

{¶ 2} A jury found Skapik guilty on 12 charges (10 felonies and 2 misdemeanors), stemming from three separate thefts involving (1) two firearms, ammunition, and other related items, (2) NASCAR collectibles, and (3) an air compressor. The State's evidence established that Skapik stole the firearms and related items from an off-duty deputy sheriff's vehicle. The State's evidence further established that Skapik stole the NASCAR collectibles and the air compressor from two other victims' garages. Finally, the State's evidence established that he disposed of the stolen items within days by selling them to various people.

{¶ 3} After merging four counts of having weapons while under disability into one for purposes of sentencing, the trial court imposed a mostly-consecutive, aggregate prison term of 147 months for the convictions. Specifically, it imposed consecutive sentences of 10 months for breaking and entering (F5), 30 months for grand theft of a firearm (F3), another 30 months for grand theft of firearm (F3), 30 months for having weapons while under disability (F3), 18 months for receiving stolen property involving one of the firearms (F4), 18 months for receiving stolen property involving the other firearm (F4), and 11 months for theft from the elderly involving the NASCAR collectibles (F5). The trial court also imposed concurrent sentences of three months and six months on two counts of misdemeanor theft involving Skapik's theft of the air compressor and his theft of a bulletproof vest, night stick, rifle case, small bag, and nightstick holder. Finally, the trial court imposed an additional consecutive 12-month prison term because Skapik had been on post-release control when he committed his offenses.

{¶ 4} On appeal, Skapik concedes that the State's evidence supports his

convictions. In his first three assignments of error, he raises allied-offense issues, arguing that certain counts should have merged for purposes of sentencing. For its part, the trial court found nothing subject to merger except for the four weapons-under-disability counts mentioned above. We review the trial court's allied-offense determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶28.

{¶ 5} Ohio's allied-offense statute, R.C. 2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 6} The Ohio Supreme Court recently clarified the applicable standard when determining whether offenses merge as allied offenses of similar import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can

govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶ 30-31.

**{¶ 7}** The Ohio Supreme Court explained that two or more offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at ¶ 23; see also *State v. Ervin*, 2d Dist. Champaign No. 2014-CA-23, 2015-Ohio-3688, ¶ 12.

**{¶ 8}** In his first assignment of error, Skapik contends the trial court erred in convicting and sentencing him for grand theft (counts three and four) and receiving stolen property (counts ten and eleven) in connection with the two firearms he stole. He argues that "[i]t is not possible to steal something without simultaneously retaining the property, knowing it has been obtained through the commission of a theft offense." (Appellant's brief at 6). He also relies on *Maumee v. Geiger*, 45 Ohio St.2d 238, 344 N.E.2d 133 (1976), for the proposition that theft and receiving stolen property are allied offenses of similar import.

**{¶ 9}** Upon review, we are unpersuaded by Skapik's argument. We agree that he

simultaneously stole the firearms and received the stolen firearms when he took them from an off-duty deputy sheriff's vehicle. If both convictions were based on that conduct, we would find merger required. *See, e.g., State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶99-103 (finding merger required where defendant was convicted of theft and receiving stolen property based on single act of stealing a vehicle). Here, however, Skapik stole the two firearms from the vehicle, thereby committing theft. He committed that act after dark one night in August 2014. (Tr. at 91-95). The following morning, he engaged in a separate act by driving from Champaign County to Dayton and selling the guns for cash and heroin. (*Id.* at 172-178). Skapik's act of selling the guns itself constituted the offense of receiving stolen property in violation of R.C. 2913.51(A), which provides that "[n]o person shall receive, retain, *or dispose of property* of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." (Emphasis added). Because Skapik's acts of stealing the guns and disposing of the guns occurred at different times and at different locations, we conclude that the theft and receiving stolen property offenses involved separate conduct. That being so, the theft and receiving stolen property were not subject to merger.

{¶ 10} Skapik's reliance on *Maumee v. Geiger* fails to persuade us otherwise. In that case, two defendants were charged with receiving stolen property for stealing plastic trash bags from the city. They admitted that they had stolen the bags but argued that a thief cannot be convicted of receiving the same property that he stole. *Geiger* at 238-239. After being found guilty of receiving stolen property, they appealed. The issue before the Ohio Supreme Court was "whether a person may properly be tried and convicted for receiving stolen property after he admits the actual theft of that same property." *Id.* at 239-

240. The Ohio Supreme Court agreed with the Sixth District Court of Appeals that no allied-offense issue existed because the defendants had been charged with only one offense. *Id.* at 241-242. The Ohio Supreme Court proceeded to opine, however, that theft and receiving stolen property typically are allied offenses insofar as the same facts and conduct are sufficient to prove both offenses. *Id.* at 242-244.

{¶ 11} Having reviewed *Geiger*, we remain unpersuaded that Skapik's separate acts of (1) stealing the firearms and (2) later transporting the firearms to Dayton and selling them involved the same conduct. *Compare State v. Green*, 11th Dist. Lake No. 2011-L-037, 2012-Ohio-2355, ¶ 68 ("We agree with the State that Green's conviction of Receiving Stolen Property stands independent of the conviction for Burglary/Grand Theft. The receiving and retention of Franklin's guns associated with the Burglary/Grand Theft was a distinct act, occurring in a different time and a different place, from the disposing of the guns by sale to Green's brother."); *see also State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, __ N.E.3d __, ¶ 26 ("It is entirely reasonable for a court to infer in this case that Rogers received or retained the stolen truck and then removed the tires and rims in order to dispose of them, thereby committing separate and distinct acts resulting in two separate and distinct counts of RSP, one for receiving or retaining the truck and the other for disposing of the tires and rims."). The actual holding of *Geiger* cannot be contrary to our conclusion herein because that case involved only *one charge* for receiving stolen property, meaning that it was not truly an allied-offense case, notwithstanding the Ohio Supreme Court's discussion of the issue. Accordingly, the first assignment of error is overruled.

{¶ 12} In his second assignment of error, Skapik contends the trial court erred in

convicting and sentencing him separately on two felony counts of theft for stealing the two firearms (counts three and four) and on one misdemeanor count of theft for stealing the bulletproof vest and other items from the deputy sheriff's vehicle (count five). Skapik reasons that he stole everything at one time from one location in a single act committed against a single victim. Therefore, he argues that the two grand theft counts based on stealing the firearms and the one misdemeanor theft count based on stealing the other items inside the car were required to merge as allied offenses.

{¶ 13} Upon review, we agree. As noted above, Skapik stole two firearms, a bulletproof vest, and other items from inside the vehicle. In our view, this conduct constituted a single offense committed with a single animus resulting in a single harm against a single victim. This is not a case involving multiple theft offenses committed separately. Nor does it involve a single act of theft committed against multiple victims. Consistent with *Ruff*, supra, we conclude that Skapik may be convicted and sentenced for only one theft offense in connection with the items he stole from the deputy sheriff's vehicle.

{¶ 14} In reaching this conclusion, we acknowledge *State v. Helton*, 3d Dist. Logan No. 8-05-06, 2005-Ohio-4184, which is cited by the State. In *Helton*, the defendant broke into a hardware store and stole numerous firearms. He ultimately pled guilty to two counts of breaking and entering and two counts of grand theft based on two of the firearms he stole. On appeal, he raised an allied-offense issue, arguing that the two counts of grand theft should have merged because he stole the weapons in a single act with a single intent. Applying a plain-error analysis, the Third District disagreed, reasoning:

> Here, the State filed separate counts in the indictment for each

firearm stolen. Counts one and two of the indictment are for the theft of separate firearms. Although the firearms may have been stolen from the same location during the same theft, they are two separate firearms. The theft of each one is an individual offense, thus the theft charges are for separate acts. Since the thefts are for separate acts, no allied offense analysis is required. The assignment of error is overruled.

*Id.* at ¶ 5.

{¶ 15} Although *Helton* supports the State's position, we find the Third District's reasoning to be unpersuasive. We do not agree that stealing multiple items from one victim at one time in one location involves the commission of "separate acts" that may be punished separately. In addition to being inconsistent with our reasoning above, such a conclusion is contrary to statutes such as R.C. 2913.61(B), which provides: "If more than one item of property or services is involved in a theft offense * * *, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property or services involved in the offense." This language recognizes that multiple items may be stolen during the commission of a single theft offense. That is what occurred in Skapik's case. We recognize that theft of a firearm is a separately designated category of a theft offense under R.C. 2913.02(B)(4), with unique applicable felony degrees, presumption of a prison term, and, if prison is imposed, required consecutive sentencing. But the legislature did not provide that a theft of multiple firearms at the same time constitutes separate offenses for each weapon. Consequently, we conclude the trial court erred in convicting and sentencing him separately on two counts of grand theft and one count of misdemeanor theft based on the

multiple items stolen from inside the deputy sheriff's car.

{¶ 16} Skapik also argues under his second assignment of error that the trial court erred in convicting and sentencing him separately on two counts of receiving stolen property (counts 10 and 11) for selling the two firearms. Again, we agree. As noted above, the offense of receiving stolen property includes disposing of stolen property. R.C. 2913.51(A). Here Skapik disposed of both firearms in a single transaction by selling them to a person named "Hector." (Tr. at 172-178). Just as Skapik's theft of the firearms constituted a single offense, his disposition of those firearms in a single transaction with a single buyer likewise constituted a single act of receiving stolen property.

{¶ 17} Although we held under Skapik's first assignment of error that he may be convicted and sentenced separately for theft and receiving stolen property, our resolution of his second assignment means he may be convicted and sentenced separately on only *one count* of theft and *one count* of receiving stolen property based on the items stolen from the vehicle. Accordingly, the case will be remanded for resentencing at which time the State must elect the counts on which it wishes to proceed with sentencing. The second assignment of error is sustained.

{¶ 18} In his third assignment of error, Skapik claims the trial court erred in convicting and sentencing him separately for theft and having weapons while under disability. Skapik reasons that he engaged in a single act, stealing firearms, that simultaneously constituted both theft and having weapons while under disability. Based on his belief that the State relied on the same conduct to support both convictions and that no separate animus existed, Skapik argues that merger was required.

{¶ 19} Even if we accept, arguendo, that Skapik's initial act of stealing the firearms

simultaneously constituted the offenses of theft and having weapons while under disability, the conduct for the two offenses is different. Here Skapik *continued to possess* the firearms under disability well after the theft was completed. He took the weapons home, arranged to sell them, and later transported them from Champaign County to Dayton, where he exchanged them for cash and heroin. In addition to constituting separate conduct, these later acts by Skapik after stealing the firearms establish a separate animus and support a separate weapons-under-disability conviction. *See State v. Brown*, 3d Dist. Allen No. 1-12-33, 2013-Ohio-854, ¶ 18 (holding that the defendant's "continued possession of the firearm after committing the burglary demonstrates a separate animus to commit the offense of having weapons while under disability"). Thus, the present case is distinguishable from our previous decision in *State v. Beverly*, 2d Dist. Clark No. 2011 CA 64, 2013-Ohio-1365[1] in which this court held that receiving stolen property (a firearm) and having weapons while under disability merged where "[t]he offenses occurred simultaneously and, based upon the evidence in the record, one offense did not temporally precede or extend beyond the other." *Beverly* at ¶ 43.[2] Given the specific facts of this case the theft and weapons under disability charges do not merge and the third assignment of error is overruled.

---

[1] *Beverly* was reversed on other grounds in *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116.

[2] The author has previously expressed the opinion in *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 48 (Hall, J., concurring) and elsewhere that "[a]n offender acquires a disability from having a firearm by activity completed long before the separate offense" with which he is charged and therefore parts of the offenses occur at different times so they do not merge. The same reasoning appears in *Beverly*, ¶62 (Donovan, J., dissenting), but that concept has not been adopted by a majority of the court.

**{¶ 20}** In his fourth assignment of error, Skapik challenges an elderly-victim enhancement that elevated what would have been misdemeanor theft to a felony with regard to the NASCAR collectibles he stole.[3]

**{¶ 21}** This assignment of error concerns Skapik's conviction on count thirteen of his indictment, which alleged theft from an elderly person in violation of R.C. 2913.02(A)(1) and (B)(3), a fifth-degree felony. Subsection (A)(1) of the statute defines the offense of theft without consent. Under subsection (B)(3), that offense is a fifth-degree felony where the victim is in a "protected class," which under the statue includes an "elderly person." In turn, R.C. 2913.01(CC) defines an "elderly person" as a "person who is sixty-five years of age or older." Skapik asserts on appeal that his offense would have been a misdemeanor based on the dollar amount involved but for the elderly-victim enhancement under R.C. 2913.02(B)(3) because his victim was 67 years old. He argues that this enhancement violated his rights under the equal-protection clauses of the Ohio and United States Constitutions. He accepts that "rational basis" scrutiny applies but argues that the elderly-victim enhancement fails under that deferential standard. Skapik reasons:

> * * * While robbery, a crime against the person, may be more serious
> against the aged because of their higher susceptibility to physical injury, no
> such rationale applies to theft—a crime against property. This kind of statute

---

[3] In his appellate brief, Skapik incorrectly refers to the offense at issue as being his theft of the air compressor. (Appellant's brief at 10). The elderly-victim enhancement actually applied to Skapik's theft of the NASCAR items from an elderly victim, not to his theft of the air compressor from a different victim. (*See* Indictment, Doc. #1 at count thirteen).

is extraordinarily dangerous and unconstitutional. The legislature wants this Court to sanction extra punishment for the class of person victimized. Thus a petty thief who steals an unattended can of pop from a Laundromat, which belongs to a 31 year old housewife, commits a misdemeanor, but if he steals the same can of pop from a 68 year old he commits a felony! This is unacceptable. The elevated classes of people—those who get more equal protection of the law than others—includes elderly (an offensive word by the way to many of us, including me, arbitrarily put in that class by virtue of age, regardless of health or mental ability). It also includes: disabled adults, active duty service members and even spouses of active duty service members. Stealing a can of pop is either a felony or it is a misdemeanor, and that status cannot be affected by the class of person who is the victim. There is no rational basis for this statute, which is merely another example of the legislature pandering to certain favored groups (seniors and the military).

This concern is not illusory. Mr. Skapik was sentenced to a year and a half in prison for taking an inexpensive air compressor [sic], solely because the owner was 67 years old, not the six (6) months maximum for petty theft.

(Appellant's brief at 10).

**{¶ 22}** Upon review, we find Skapik's argument to be unpersuasive. As an initial matter, he failed to raise his constitutional argument below. Generally, a constitutional argument that is not raised in the trial court is "waived and cannot be raised for the first

time on appeal."[4] *State v. Brewer*, 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 36. We do retain the ability, however, "to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.*, citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. Moreover, "[t]he state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negative every conceivable basis before an equal protection challenge will be upheld." *State v. Luttrell*, 2d Dist. Montgomery No. 18496, 2001 WL 1345967, *3 (Nov. 2, 2001), citing *State v. Williams*, 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). Appellant has not demonstrated a lack of any rational basis. But even if we consider Skapik's argument, we find no basis for reversal.

**{¶ 23}** Although the parties have not cited, and we have not found, any Ohio law addressing Skapik's equal-protection argument, the Delaware Supreme Court rejected that same argument in *Abrams v. State*, 689 A.2d 1185 (Del. 1997). In *Abrams*, the defendant raised an equal-protection challenge to a criminal statute that, much like Ohio's statute, classified theft of less than $1,000 as a misdemeanor unless the victim was age 60 or older in which case the offense was a felony. *Id.* at 1187. The defendant argued that the statute treated "him differently from similarly situated offenders based on an arbitrary and unreasonable distinction, *viz.*, the age of his victim." *Id.* The Delaware

---

[4] In his reply brief, Skapik insists waiver does not apply because he is challenging his sentence, not his conviction. We disagree. Although Skapik characterizes his argument as a challenge to his sentence, the elderly-victim enhancement elevated his offense from a misdemeanor to a felony. The sentence the trial court imposed is consistent with a felony conviction. Skapik's real argument is that he should have been convicted of a misdemeanor, not a felony, because the enhancement is unconstitutional.

Supreme Court disagreed. It noted that the age-based distinction at issue was subject to rational-basis scrutiny. *Id.* at 1188. It also pointed out that the distinction would withstand such scrutiny if it were neither irrational nor arbitrary under any set of facts that reasonably might justify it. *Id.* The *Abrams* court proceeded to explain that protecting the elderly from theft "is neither an arbitrary nor irrational basis upon which to make an age-based distinction" in a criminal statute. *Id.* It then continued:

> Abrams argues incorrectly that the statute treats him differently from similarly situated offenders. Section 841 subjects *all* offenders whose victims are above a certain age to the *same* felony classification. Age-based classifications are made in other provisions of the code in a similar manner. * * * Again, since the age-based distinction in each provision bears a rational relationship to a legitimate state interest, and since all individuals who commit offenses governed by these provisions are treated in the same manner, these provisions do not violate the Equal Protection Clause.

*Id.*

{¶ 24} We find the foregoing reasoning to be persuasive and equally applicable here. Ohio's General Assembly certainly may differentiate between criminal offenders on the basis of the perceived seriousness of their crimes. Moreover, we find nothing irrational or arbitrary in the legislature's decision to view theft from an elderly victim as a more serious offense than theft from other victims.[5] The fact that not all elderly victims may

---

[5] Parenthetically, we have no occasion to address Skapik's argument about the applicability of R.C. 2913.02(B)(3) when theft victims are military members or their families. That issue is not before us for two reasons. First, no military-victim enhancement was applied here. Second, the version of R.C. 2913.02(B)(3) in effect when Skapik committed his offenses did not contain a military-victim enhancement. Skapik admits in his reply brief that it was not added to the statute until later.

need such additional protection does not render R.C. 2913.02(B)(3) constitutionally infirm. A statute withstands rational-basis scrutiny if it is neither irrational nor arbitrary under any set of facts that reasonably might be conceived to justify it. *See, e.g., Phipps v. Dayton,* 57 Ohio App.3d 11, 566 N.E.2d 181 (2d Dist.1988) ("A legislative enactment will pass the rational basis test when there exists any set of facts under which the classification at issue rationally furthers a legitimate legislative objective."). Skapik's fourth assignment of error is overruled.

{¶ 25} The judgment of the Champaign County Common Pleas Court is affirmed in part and reversed in part. The judgment is reversed with respect to the trial court's failure to merge counts three, four, and five (involving theft of property stolen from the deputy sheriff's vehicle) as allied offenses for purposes of sentencing. The judgment also is reversed with respect to the trial court's failure to merge counts 10 and 11 (receiving stolen property involving disposal of the two firearms) as allied offenses for purposes of sentencing. The cause is remanded for the State to elect to proceed with sentencing on count three, count four, *or* count five, and on count 10 *or* count 11. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Darrell L. Heckman
Hon. Nick A. Selvaggio